IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JUSTIN CHRISTOPHER HOLMES | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-412 |
| WARDEN, FCI BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Justin Christopher Holmes, a prisoner confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

On December 7, 2019, while he was confined at the Federal Correctional Institution in Bastrop, Texas, Petitioner was charged in Incident Report No. 3337844 with fighting. Petitioner received a copy of the incident report later that day, and he was advised of his rights by Lieutenant F. Guerra. The Unit Disciplinary Committee (UDC) conducted a hearing on December 10, 2019. The UDC referred the charge to the Disciplinary Hearing Officer (DHO) for further proceedings.

Following a DHO hearing held on December 12, 2019, Petitioner was found guilty of the fighting. Petitioner appealed the disciplinary conviction through the Administrative Remedy procedure. The disciplinary conviction was expunged, and the disciplinary case was remanded to the DHO for re-hearing.

Petitioner received notice of the re-hearing on July 8, 2020. Petitioner requested a staff representative, and Ahsa Winbush appeared at the DHO hearing on July 22, 2020, to represent him. The DHO reviewed evidence consisting of the disciplinary record and incident report, photographs, medical records, witness statements, and Petitioner's statement. The DHO found Petitioner guilty of the offense of assaulting any person, explaining her reasoning as follows:

> Section 11 of the incident report written by Officer Simon states, "On Saturday, December 7, 2019, while working as Telephone Monitor, I responded to a body alarm in Crockett Unit Level 800. Upon entering the unit, I began directing inmates on the south side of the unit to return to their cells. At approximately 8:47 pm, I observed 2 inmates (later identified as Guadalupe Munoz and Joshua Quick) striking each other on and about the head and upper torso areas with closed fists. The 2 inmates were moving towards and then entered Cell 113 where they knocked inmate Justin Holmes into the bunks. I observed inmate Holmes striking Munoz on or about the head and upper torso area with his hands. I stepped into the cell and directed the inmates to stop fighting at which time, they complied."
>
> During the investigation, you stated, "I do not have anything to say."
>
> During the UDC hearing, you stated, "No statement."
>
> Bureau of Prisons Health Services Clinical Encounter states, "You had small abrasions noted on the top of your left shoulder."
>
> During the DHO hearing, the incident report was read aloud to you and you stated, "I just put my hands up and tried to get the guys off me, because I was getting attacked."
>
> You requested Lieutenant Brantley, Office Simon, Officer Defuntes, inmate Quick, inmate Brown and Officer San Miguel. Four (4) witnesses of the six requested were able to provide a statement. You were advised during the hearing you identified Officer Defuntes as a witness, however a correction in the spelling of his name is Officer Defreitas and he provided a statement.
>
> Inmate Brown did not want to make a statement. "No statement."
>
> Lieutenant Brantley provided the following in a memorandum, "As I entered the Unit I responded to the 800 range where the initial incident occurred. I was then notified there was an additional altercation on the 100 range. I responded to the incident. As

I entered the location, staff had separated the inmates and secure inmate Holmes, along with other inmates fighting in the cell. Officer Simon informed me inmate Holmes was one of the inmates fighting. I did not witness inmate Holmes in any alternate location prior to the incident."

Officer Simon provided the following in a memorandum, "On Saturday, December 7, 2019, while working as Telephone Monitor, I responded to a body alarm in Crockett Unit Level 800. Upon entering the unit, I began directing inmates on the south side of the unit to return to their cells. At approximately 8:47 pm, I observed 2 inmates (later identified as Guadalupe Munoz and Joshua Quick) striking each other on and about the head and upper torso areas with closed fists. The 2 inmates were moving towards and then entered Cell 113 where they knocked inmate Justin Holmes into the bunks. I observed inmate Holmes striking inmate Munoz on or about the head and upper torso area with his hands. I stepped into the cell and directed the inmates to stop fighting at which time, they complied. Is what I observed. The only additional information I have is that I verified Holmes and Quick both lived in the cell prior to escorting inmate Munoz out and securing the door cell."

Officer Defreitas provided the following in a memorandum, "On December 7, 2019 in regards to Inmate Holmes, when I entered his cell in response to the incident I did not witness the inmate being combative. However I did respond to the incident after Officer Simon was already at the cell door."

In deciding the issue, the DHO considered the reporting officer's statement in Section 11 of the incident report in which the reporting officer conducted an investigation and based off of the investigation and inmate interviews determined you were involved in the assault of another inmate.

The DHO considered your statement during the investigation as you stated, "I do not have anything to say." The DHO considered your statement during the UDC hearing as you stated, "No statement." The DHO considered the photographic evidence, Bureau of Prisons Health Services Clinical Encounter, and the Inmate Investigative Report indicates [sic] which support the reporting officer's statement in Section 11 of the incident report.

The DHO considered your statement during the DHO hearing as you stated, "I just put my hands up and tried to get the guys off me, because I was getting attacked." Therefore, based on the evidence outlined above, the DHO finds the greater weight of the evidence was sufficient evidence to support you committed the prohibited act of Assaulting Any Person, Code 224.

As punishment for the rule violation, Petitioner was sanctioned with twenty-seven days of disallowed good time credit; forty days of disciplinary segregation, which was suspended; and ninety days of lost commissary and visiting privileges.

Petitioner appealed the findings of the hearing officer to the South Central Regional Office (SCRO). The Regional Director denied the appeal.

The Petition

Petitioner contends that he is not guilty of the disciplinary infraction because he was acting in self-defense.

Analysis

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impose upon a liberty interest. The inmate is entitled to the following: 1) notice of the charges; 2) the right to be present at the hearing; 3) the right to present witnesses and evidence; and 4) the right to receive a written copy of the hearing record. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009); *Smith v. Rabalais*, 659 F.2d 539, 542 (5th Cir. 1981).

Petitioner does not contend that he was denied any of the protections required by *Wolff*. Rather, he argues that the evidence supported a finding that he acted in self-defense instead of participating in a fight. In reviewing prison administrative actions, the findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious. *Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984); *Smith*, 659 F.2d at 545. "The federal courts cannot assume the task of retrying all prison disciplinary disputes." *Smith*, 659 F.2d at 545. Accordingly,

federal courts do not review a disciplinary hearing officer's factual findings *de novo*. The courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985); *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986). The federal court is not required to examine the entire record, independently assess the credibility of witnesses, or weigh the evidence to determine whether there is sufficient evidence to support the factual findings of the disciplinary hearing officer. *Hill*, 472 U.S. at 455. Instead, the court should consider whether there is any evidence that could support the finding. *Id.* at 455-56.

The DHO considered Petitioner's claim of self-defense, but found there was sufficient evidence to support the finding that Petitioner was fighting. The DHO relied on the incident report, documentary evidence, and witness statements which indicated that Petitioner was a participant in the fight. Because there is some evidence to support the guilty finding, the Court is not free to retry the disciplinary charge and substitute its opinion for that of the hearing officer.

Recommendation

This petition for writ of habeas corpus should be denied.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings,

conclusions and recommendations and from appellate review of factual findings and legal

conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R.

CIV. P. 72.


       SIGNED this 18th day of May, 2022.


                                  _____

                                    Zack Hawthorn

                                    United States Magistrate Judge